377 So.2d 191 (1979)
McDEVITT & STREET COMPANY, Appellant,
v.
DEPARTMENT OF GENERAL SERVICES, State of Florida, Appellee.
No. JJ-245.
District Court of Appeal of Florida, First District.
June 13, 1979.
As Corrected On Denial of Rehearing August 7, 1979.
Robert R. Feagin, III and Harry O. Thomas, of Holland & Knight, Tampa, for appellant.
John A. Barley and Spiro T. Kypreos, Tallahassee, for appellee.
*192 ERVIN, Acting Chief Judge.
Appellant, McDevitt & Street Company, filed a claim with appellee, Department of General Services (DGS), for additional costs it had incurred as general contractor while constructing the Student Services Building at Florida International University. The hearing officer, whose recommended order and supplemental recommended order was adopted as the Department's final order, found that actions and inactions of the architect had caused the project to be delayed 67 days past the contract completion date.
Appellant presented two exhibits at the hearing, along with expert testimony of a certified public accountant, to illustrate the damages which it sought. Exhibit 80, "Schedule of Total Job Site Supervisory, General and Administrative Costs", was an accounting of all such time-dependent costs the contractor expended over the 501-day project. It stated that the costs ran at a daily average of $887.[1] The hearing officer found that appellant was entitled to $59,420, which was $887 times the 67 days the project was delayed. In this finding, the hearing officer stated that DGS was unable to refute the contractor's determination, presented through its expert testimony, of average daily costs.
Appellant's Exhibit 81, prepared and explained by the same experts, was entitled "Schedule of the Excess of Actual Direct Labor Costs over Estimate of Direct Labor Costs... ." Appellant argues that the hearing officer's finding that it was not entitled to damages outlined in Exhibit 81 for additional direct labor costs was not based on competent, substantial evidence. The exhibit illustrated the difference between the sum appellant had budgeted for labor costs, in addition to the amounts given it in change orders for specific extra work, and the sum it had actually expended for direct labor costs: $144,770. The hearing officer's supplemental recommended order found that all direct labor involved was covered by change orders which had extended the project time and the contract sum. We agree that the finding was not based on competent, substantial evidence and remand to the hearing officer to determine whether appellant's original estimate for direct labor costs was reasonable, whether the amounts it actually expended were reasonable and whether any excess direct labor costs were attributable to the appellant rather than to the delays caused by the Department's architect. If the findings noted above are in appellant's favor, then clearly it is due some remuneration for excess direct labor costs.
Appellant asserts it should be reimbursed for the total amount it expended above the sum of its estimate and the amounts paid it in change orders. "As in all breach of contract cases, the proper measure of damages ... is the amount of plaintiff's extra costs directly attributable to said breaches." J.D. Hedin Construction Co. v. United States, 347 F.2d 235, 259, 171 Ct.Cl. 70 (1965). Appellant asserts that the amount of these excess labor costs directly attributable to appellee's breach is impossible to pinpoint, but that the appellee's fault is clearly established in the record. In federal government breach of contract cases, plaintiffs have been allowed to recover their "total costs" where it was shown the government was clearly at fault, where neither the accuracy of the contractor's estimates nor the reasonableness of its expenditures was impugned, and where there was no alternative method of computing the damages. See Oliver-Finnie Company v. United States, 279 F.2d 498, 150 Ct.Cl. 189 (1960); MacDougald Construction Company v. United States, 122 Ct.Cl. 210 (1952); Great Lakes Dredge and Dock Company v. United States, 96 F. Supp. 923, 119 Ct.Cl. 504 (1951). In J.D. Hedin Construction Co. v. United States, supra, the court upheld an administrative determination that contract delays were attributable to the government and not to the contractor who sought delay damages. Explaining its award of "total costs" damages, the court stated:

*193 The exact amount of additional work which plaintiff had to perform as a result of the foundation problem is difficult, if not impossible, to determine because of the nature of the corrective work which was being performed. The adverse weather conditions during the extended period in which the excavations remained open caused a myriad of problems. Additional trenching, form construction, and pumping of surface water became necessary... . There is no precise formula by which these additional costs can be computed and segregated from those costs which plaintiff would have incurred if there had been no government-caused difficulties. However, the reasonableness and accuracy of plaintiff's estimate, which was prepared by an experienced engineer whose qualifications have been unchallenged, have been established. Defense counsel stated that the estimate was not challenged. The closeness of the bids gives support to the reasonableness of the estimate. The bidders were three extremely experienced contractors of large construction projects. Plaintiff on prior occasions had successfully constructed a number of large projects for the Veterans Administration. Plaintiff has established the fact that it performed additional work. Moreover, the responsibility of defendant for these damages is clear. J.D. Hedin Construction Co., supra at 247.
In the more than 20 volumes of transcript before us, we have seen testimony concerning the appellant's expertise in its field, including recitals of past successfully-completed projects, testimony of individuals who prepared appellant's bid concerning their experience and their methods and testimony of appellant's CPA firm explaining its theory of damages for both excess time-dependent and labor costs. It may be that no further testimony is needed; however, we are not the fact finders. If the hearing officer makes the relevant findings and if no alternative method of computing damages is given, then the "total costs" method may be the proper measure of damages.
Appellant also argues that the hearing officer denied its claims for (1) increased interest on capital borrowed to finance the project; (2) 10% of its actual cost caused by the delays and change orders as additional profit and overhead, and, (3) an additional 1% of the added costs as an increased bond cost. The parties' contract under the "Changes in the Work" article, allowed the excess profit, overhead and bond costs. If, as it appears, the contractor's evidence on its total, relevant costs is unrefuted in the record, including evidence of its excess direct labor costs, the hearing officer should bind appellee to its agreement and assess the costs as described in the contract. The finding that appellant was not entitled to its interest on borrowed capital during the delay is based on competent, substantial evidence and will not be disturbed in this appeal. We affirm the hearing officer's finding, which we determine was based upon competent and substantial evidence, that delay damages would be based upon the parties' contract completion date.
By reason of the cause's disposition as stated in this opinion, it is unnecessary to rule upon the propriety of appellant's motion to strike portions of appellee's brief. Reversed and remanded for further proceedings consistent with this opinion.
MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.
NOTES
[1] Exhibit 80 originally stated that the daily average of those time dependent costs was $939. However, that figure was modified later at the hearing and in another exhibit.