457 So.2d 525 (1984)
DEPARTMENT OF TRANSPORTATION, Appellant,
v.
HAWKINS BRIDGE COMPANY, Fair-Child-Florida Construction Co. and St. Paul Fire and Marine Insurance Company, Appellees.
No. AU-159.
District Court of Appeal of Florida, First District.
September 19, 1984.
Rehearing Denied October 29, 1984.
*527 Robert I. Scanlan, Dept. of Transp., Tallahassee, for appellant.
Malcolm D. Young, Jr. and C. Walker Ingraham of Peterson, Young, Self & Asselin, Atlanta, Ga., for appellee Hawkins Bridge Co.
W. Crit Smith of Cason & Henderson, Tallahassee and George Anthony Smith of Smith, Currie & Hancock, Atlanta, Ga., for appellee Fairchild-Florida Const. Co.
ERVIN, Chief Judge.
Appellant, Florida Department of Transportation (DOT), challenges a final judgment entered pursuant to a jury verdict, determining liability and assessing damages, in this contract action. We agree on all points with the trial court and affirm.
In 1978, DOT contracted with appellee, Fairchild-Florida (Fairchild), to construct a cement bridge spanning Perdido Bay and demolish the existing bridge. Fairchild, in turn, contracted with Hawkins Bridge Company (Hawkins) to perform the erection and concrete work on this project and execute the bridge demolition.
Problems suggesting pier failure developed during the construction of the main foundation members flanking the navigational channel. Work on the main piers and center spans was halted for eight months pending investigation of the problem and development of remedial measures. During the interim, Hawkins continued work on other portions of the bridge outside of the normal construction sequence. Eventually, the failure was remedied, work resumed on the center span and the bridge was opened in July 1980, significantly later than projected at the time the contracts were executed.
DOT's failure to pay cost claims presented in August 1980 resulted in Hawkins filing suit against Fairchild, which in turn joined DOT as a third-party defendant. The expert testimony at trial conflicted as to the cause of the pier failure, the actual length of delay in contract performance attributable to the failure, and the amount of damages associated with the delay. The jury found DOT to be liable for breach of contract and entered verdicts of $2,335,000 against Fairchild in favor of Hawkins, and $2,779,000 against DOT in favor of Fairchild. Each verdict included an award of prejudgment interest of six percent assessed from August 1980.
DOT raises five issues on appeal, two of which merit discussion. DOT contends that the trial court erred in allowing computation of the verdicts based on an improper measure of damages, and in instructing the jury that it could include prejudgment interest in the verdicts. We cannot agree.
A verdict for damages will not be disturbed on appeal unless it is manifestly so excessive as to shock the judicial conscience or so as to be indicative of prejudice, passion or corruption on the part of the jury. To warrant appellate interference, it must clearly appear that the jury ignored the evidence in reaching its verdict or misperceived the merits relating to the amounts recoverable. 17 Fla.Jur.2d Damages §§ 91-92 (1980).
In the instant case, the amount of damages was for the most part established by expert testimony. The evidence presented to the jury for calculation of the damages included conflicting testimony of the parties' experts and a memorandum prepared by DOT's expert. The weight assignable to conflicting testimony and resolution of the conflict is a matter for the jury as trier of fact. The verdict amount arrived at by the jury approximates the amounts claimed by both Hawkins and Fairchild and that calculated by the DOT memorandum. Thus, it does not appear that the verdict ignores the evidence or reaches an amount shocking to the judicial conscience in light of the evidence of costs attributable to this breach so as to warrant disturbance of the verdict on appeal.
DOT contends that the verdict is predicated upon erroneous application of a "total cost" formula for measuring damages, thus indicating that the jury misperceived *528 the merits relating to the amounts recoverable. Initially, we note that the amount of the verdict varies somewhat from the amount that would be recoverable under a total cost calculation. It is, therefore, not clear that the total cost method was in fact utilized. However, if the total cost method were applied, we find no error in this procedure under the circumstances presented here. Total cost is appropriately available to the jury when the nature of the excess costs is such that there is no other practicable means of measuring damages, the original bid was realistic, the actual costs were reasonable, and the plaintiff is not responsible for any of the additional expense. McDevitt & Street Company v. Department of General Services, 377 So.2d 191 (Fla. 1st DCA 1979). We find sufficient record evidence to support satisfaction of these four criteria here. For example, the record fully supports a finding that there was no practicable means of measuring damages other than the total cost method in that excess costs could not be segregated due to DOT's delays causing performance of work out of sequence, and the shifting of both labor crews and material schedules. The jury's verdict is, thus substantiated under the total cost method and any of the alternative methods presented and does not constitute an abuse of its sound discretion as to the assessment of damages. We, therefore, decline to disturb the compensatory damages awarded by this verdict on appeal.
DOT also challenges the award of prejudgment interest calculated from the August 1980 date when cost claims were presented to DOT for payment. Under Florida law, a party may recover prejudgment interest on damages for breach of contract as an element of the damages. Like other elements of damages, the interest must be ascertained and assessed by the trier of fact, in this case the jury. Shoup v. Waits, 91 Fla. 378, 107 So. 769, 770 (1926); Posner v. Flink, 393 So.2d 1140, 1141 (Fla. 3d DCA 1981); Plantation Key Developers, Inc. v. Colonial Mortgage Company of Indiana, Inc., 589 F.2d 164, 170 (5th Cir.1979). Contrary to DOT's argument, the unliquidated nature of the claim does not make the interest award erroneous for, while a judge can only add an interest award onto a jury verdict of liquidated damages, the jury is empowered to award interest as damages regardless of its characterization as liquidated or unliquidated.
DOT further contends that the award of interest is barred by Section 337.141(3), Florida Statutes, which provides:
For each day after 90 days, or 30 days after settlement of a claim, the department shall pay to the contractor interest at a rate of 6 percent per annum on the unpaid balance, not to exceed $300 per day.
(e.s.) This statute refers to the award of interest upon "settlement of claims," a term which cannot seriously be contended to include litigation culminating in a jury verdict necessitated by the failure to settle the cost claims presented to DOT. In the absence of any specific statutory bar to the assessment of prejudgment interest under these circumstances, any immunity of the state thereto is waived consistent with its waiver of sovereign immunity to suit. Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935).
Having found no error in the jury's verdict, either in the award of compensatory damages or the assessment of prejudgment interest thereon, and failing to discern any merit in appellant's other assignments of error, we affirm the final judgment entered below.
BOOTH and WENTWORTH, JJ., concur.