PER CURIAM.
This case involves an appeal from a final judgment in a construction contract dispute.
Appellee, JBM Associates, Inc., contracted with appellant, Perma Builders, Inc., to construct the shells of two buildings for Perma Builders’ Olympus Village project, at a cost of $678,469. Prior to completion of the job, Perma Builders terminated the contract and filed suit for damages against JBM. JBM counter-claimed for reimbursement of costs reasonably incurred in the good faith partial performance of the contract.
The trial court found JBM proved it was entitled to certain costs, which included the sum of $41,437 for JBM’s liability under a judgment to Lonestar (a supplier of cement for the project), and the sum of $32,853 for a tax lien due to the I.R.S. for withholding taxes in connection with the project.
The main thrust of appellant’s arguments on appeal is that the amounts awarded for the Lonestar judgment and the I.R.S. lien are unsupported by the evidence because they include charges for work on other projects that appellee was involved in before the date the Olympus Village project began. That being the case, argues appellant, appellee must differentiate the costs attributable to the respective jobs in order to recover. Appellant relies upon Houdaille-Duval-Wright Company v. Charldon Construction Company, 266 So.2d 106 (Fla. 3d DCA 1972). While we do not disagree with the holding of the cited case, we would distinguish it and demonstrate its inapplicability here. In Charl-don the appellate court held that the gross payroll used by the appellee upon which to assess its damages for appellant’s delay included substantial items of payroll not attributable to the job in question. It found appellee had included salaries for two bookkeepers, the corporation’s purchasing agent and the salary of a person who was working on numerous jobs during the same period.
In the present case, the trial judge found that the items included in the amounts claimed for the Olympus Village project that may have been attributable to other projects were minimal and of no real consequence. JBM’s president, Mr. Ware, testified that substantially all of the invoice charges related to the Olympus Village project; the only items invoiced prior to the date the Olympus Village project commenced amounted to approximately $100. Mr. Ware’s testimony convinced the trial judge that those items were so small as to be of no consequence in the damage picture.
With regard to the I.R.S. claim for unpaid withholding taxes, Ware testified that, had appellant not breached the contract, appellee would have been able to pay those taxes. Furthermore, the record supports a finding that the payroll figures for the third and fourth quarters of 1979 (the period in issue) show that approximately seventy-two percent of appellee’s payroll was attributable to the Olympus Village project. The $32,853 awarded for this constitutes seventy-five percent of the total in payroll taxes, which appellee owes for said period. Thus, we are talking about a three percent variable at worst.
*1383 The applicable rule in determining damages for breach of contract is set forth in our case of Adams v. Dreyfus Interstate Development Corp., 352 So.2d 76, 78 (Fla. 4th DCA 1977), wherein it is stated:
Uncertainty as to the amount of damages or difficulty in proving the exact amount will not prevent recovery where it is clear that substantial damages were suffered and there is a reasonable basis in the evidence for the amount awarded.
Every item of expense need not be proved. Id. We cannot set aside a damage award in a breach of contract action because we might disagree with the amount or because we might have ruled differently on the same proof. Id.; see also McDevitt & Street Co. v. Department of General Services, 377 So.2d 191 (Fla. 1st DCA 1979). The determination of the amount of costs incurred by JBM was a question of fact, and the trial court’s resolution of that question comes to us clothed with a presumption of correctness. E.g., Industrial Builders, Inc. v. Heritage Insurance Company of America, 416 So.2d 1244, 1246 (Fla. 4th DCA 1982). We hold that the record here adequately supports the trial judge’s findings and application of the aforementioned rule of law.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
DOWNEY, HURLEY and BARKETT, JJ., concur.