WENTWORTH, Judge.
The appellant Florida Department of Transportation seeks review of partial final summary judgments, final judgments rendered pursuant to jury verdicts, and orders *835 on post-trial motions, entered in the circuit court for Leon County, by which 1) DOT was determined to be liable for failure to purchase a set of truck scales under certain contract language which was construed, 2) DOT was ordered to pay $22,500 plus 12% interest to appellee Coral Rock, $333,696 to appellee Futch, and $696,340 to appellee Baycon and 3) its motions for judgment in accordance with the motion for directed verdict, new trial and remittitur were denied, and appellees were awarded, prejudgment interest and taxable costs. We affirm except with respect to issue on cross-appeal as to rate of prejudgment interest.
Appellant and M.C.C. of Florida, Inc., a general contractor, entered into a contract in June 1978 for construction work on Tom’s Harbor Channel and Harbor Cut Bridge and approaches. The contract was competitively bid, and appellant unilaterally prepared both the contract and the plans and specifications incorporated into the contract. In September 1978 M.C.C. entered into a subcontract with Futch, by which Futch agreed to furnish and place in excess of 60,000 tons of riprap and bedding stone for the Tom’s Harbor job. Futch then entered into a contract with Coral Rock Industries, Inc., which agreed to obtain the riprap and bedding stone for Futch. Coral Rock entered into a contract with Baycon Industries, Inc., which agreed to transport the riprap and stone to the construction site for Coral Rock. A dispute arose between appellant and Futch as to the amount of dirt and extraneous material delivered to the job site along with the riprap.
We find no merit in the several issues raised by appellant with respect to admission of evidence, contract interpretation, identity of parties and the defense of abatement, and we resolve the prejudgment interest question, raised on cross-appeal, by remand for recomputation.
Section 337.141, Florida Statutes (1977), provides:
Each contract for construction ... entered into pursuant to this chapter shall provide that final payment within 90 days of receipt by the final estimate engineer in Tallahassee of all documents which are required by the contract from the contractor.... Final payment shall not be so made as to any amount which is in dispute or the subject of a pending claim, or those amounts which are not in dispute or the subject of a pending claim.... For each day after 90 days, or 30 days after settlement of a claim, the department shall pay to the contractor interest at the rate of 6 percent per an-num on the unpaid balance, not to exceed $300 per day.
In this case, appellant did not simply delay in making a final payment. Instead, appel-lee claimed damages for work performed as to which appellant disputed cost claims which were ultimately resolved by the verdict in this case. Section 337.141 would appear to have no applicability under these circumstances. In Department of Transportation v. Hawkins Bridge Co., 457 So. 2d 525 (Fla. 1st DCA 1984), the court noted that the statute refers to an award of interest upon “settlement of claims,” and that the terms “cannot seriously be contended to include litigation culminating in a jury verdict necessitated by the failure to settle the cost claims presented to DOT.” 457 So.2d at 528.
Section 687.01, Florida Statutes (1977), provides:
In all cases where interest shall accrue without a special contract for the rate thereof, the rate shall be 6 percent per annum, but parties may contract for a lesser or greater rate by contract in writing.
Appellant conceded that prejudgment interest was assessable. The statutory prejudgment interest rate in effect at the time the interest accrues applies. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). Section 687.01 was amended effective July 1,1982 to provide for a 12 percent annual interest rate. The court therefore should have assessed a 6 percent per annum rate from August 1979 through June 1982, and a 12 percent annum rate from July 1982 through July 1987.
The judgments appealed are affirmed except for provisions for prejudgment inter *836 est, which are reversed, and the cause is remanded for disposition of that issue in accordance with this opinion.
SMITH, C.J., and WIGGINTON, J., concur.