596 So.2d 154 (1992)
Edward C. VINING, Jr., Appellant,
v.
Judith C. CARMONA, Appellee.
Nos. 91-2365, 91-1119.
District Court of Appeal of Florida, Third District.
March 24, 1992.
Rehearing Denied May 5, 1992.
Edward C. Vining, Jr., Miami, for appellant.
Samuel L. Bare, III, Miami, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
PER CURIAM.
Appellant, who was the plaintiff below, appeals both the amount awarded to him by the jury and the refusal of the trial court to award him the attorneys fees that he sought to recover in connection with the litigation.
Regarding appellant's first point, we find that the record contains ample evidence to support the jury's verdict. Accordingly, we will not disturb those findings. See McDonough Power Equipment Inc. v. Brown, 486 So.2d 609 (Fla. 4th DCA 1986); Department of Transportation v. Hawkins Bridge Co., 457 So.2d 525 (Fla. 1st DCA 1984), review denied, 467 So.2d 999 (Fla. 1985); City of Hialeah v. Hutchins, 215 So.2d 496 (Fla. 3d DCA 1968); Roberts v. Bushore, 183 So.2d 708 (Fla. 1st DCA 1966).
Appellant's second argument is also without merit. As the prevailing party at trial, appellant would only be entitled to recover his attorneys fees if such a recovery were provided for by statute or contract. See David v. Richman, 568 So.2d 922 (Fla. 1990); P.A.G. v. A.F., 564 So.2d 266 (Fla. 4th DCA 1990); Israel v. Lee, 470 So.2d 861 (Fla. 2d DCA 1985); Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360 (Fla. 3d DCA), review denied, 480 So.2d 1295 (Fla. 1985). There is no dispute that there is no statutory authority for the award of attorneys fees in *155 the instant case. Appellant argues that he is entitled to an award of attorneys fees by virtue of the language in the promissory note signed by the appellee. This contention ignores the fact that the appellant's recovery at trial was based upon the jury's assessment of the amount of money that he was entitled to recover under a theory of quantum meruit. See Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982). Appellant did not make his recovery based upon the terms of the promissory note. Accordingly, the record does not support appellant's contention that he is entitled to recover attorneys fees in connection with prosecuting his lawsuit against the appellee.
Affirmed.