621 So.2d 526 (1993)
CENTRAL CONSTRUCTORS, INC., and Seaboard Surety Company, Appellants,
v.
The SPECTRUM CONTRACTING CO., et al., Appellees.
Nos. 92-0431, 92-0510.
District Court of Appeal of Florida, Fourth District.
July 7, 1993.
Rehearing Denied September 8, 1993.
*527 James E. Glass Associates, and Ralph O. Anderson of Hicks, Anderson & Blum, P.A., Miami, for appellant-Central Constructors, Inc.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant-Seaboard Sur. Co.
Stephen A. Hilger of Rhoades, Boer, Goodrich & Titta, Grand Rapids, MI, and Peter R. Spanos of Hendrick, Spanos & Phillips, Atlanta, GA, for appellees.
PER CURIAM.
In this action by a subcontractor the trial court rendered a final judgment awarding damages against appellants, the general contractor and its bonding company. That final judgment included an increment for prejudgment interest on sums awarded to appellee and provided for postjudgment interest on all sums due, including this increment. We hold that this was error. In doing so, we apply the reasoning enunciated by the Florida Supreme Court, at least by implication, in In re Amendments to Florida Small Claims Rules, 601 So.2d 1201, 1202 (Fla. 1992), and follow the lead of the First District in LaFaye v. Presser, 554 So.2d 610, 611 (Fla. 1st DCA 1989) (interest may not accrue on a sum which is itself interest), and United Svcs. Auto. Ass'n v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988) (it is error to order interest on interest awarded in judgment because it amounts to an invalid award of compound interest). See also Higley South, Inc. v. Quality Eng'rd Installation, 18 Fla. L. Weekly D354, 356, 1993 WL 10837 (Fla. 2d DCA Jan. 22, 1993); Perez Sandoval v. Banco de Commercio, S.A., C.A., 582 So.2d 179 (Fla. 3d DCA 1991). In adopting this rule we necessarily certify conflict with the Fifth District which has held to the contrary. See Peavey v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992); see also Indian River Colony Club, Inc. v. Schopke Constr. & Eng'g, Inc., 619 So.2d 6 (Fla. 5th DCA 1993). In all other respects we affirm.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, GLICKSTEIN and STONE, JJ., concur.