627 So.2d 1188 (1993)
UNDERWRITERS AT LLOYD'S LONDON and Companies Listed On C.A. Hansen Corp. Cover No. 5H04/224, Appellants/Cross-Appellees,
v.
John H. MILLAR, Appellee/Cross-Appellant, and
Robin J. Kershaw, Bruce John James-Cattell, and Ocean Yacht Management Ltd., Jointly and Severally, Appellees.
No. 93-0719.
District Court of Appeal of Florida, Fourth District.
November 24, 1993.
Rehearing, Clarification and Rehearing Denied January 11, 1994.
Timothy J. Armstrong of Armstrong & Mejer, P.A., Coral Gables, for appellants/cross-appellees.
George D. Gabel, Jr., and Timothy J. Conner of Gabel, Hair & Taylor, Jacksonville, for appellee/cross-appellant.
Rehearing, Clarification and Rehearing En Banc Denied January 11, 1994.
PER CURIAM.
Appellants' and cross-appellant's several issues have been duly considered. We conclude that each has one argument, involving only the award of interest, which compel a reversal and remand solely upon the two points.
Because we affirm in all respects except the two issues regarding interest, we opt to discuss only those issues which compel further action by the trial court.
First, we agree with Underwriters that the award to Millar erroneously includes post-judgment interest on that part of the final judgment which was prejudgment interest. See Central Constructors, Inc. v. Spectrum Contracting Co., 621 So.2d 526 (Fla. 4th DCA 1993). There, we followed the reasoning enunciated by the Florida Supreme Court, at least by implication, in In re Amendments to Florida Small Claims Rules, 601 So.2d 1201, 1202 (Fla. 1992), and the lead of the first district in LaFaye v. Presser, 554 So.2d 610, 611 (Fla. 1st DCA 1989) (interest may not accrue on a sum which is itself interest) and United Services Auto. Ass'n v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988) (error to award interest on interest awarded in judgment because it amounts to an invalid award of compound interest). The third district also finds that as a matter of logic and therefore, of law, it is irrefutable that an award of interest cannot itself bear interest. Perez Sandoval v. Banco de Commercio, S.A., C.A., 582 So.2d 179 (Fla. 3d DCA 1991).
Second, Millar argues that the award of prejudgment interest should have included interest on the $1 million payment on account he received to cover the time between the date on which the trial court found payment due, September 19, 1985, and the date on *1189 which Underwriters made the payment, December 18, 1987. We agree. See Young Mfg., Inc. v. Brooks, 543 So.2d 388 (Fla. 3d DCA 1989).
Accordingly, as to the above matters only we reverse and remand, and otherwise affirm.
GLICKSTEIN and POLEN, JJ., and DONNER, AMY STEELE, Associate Judge, concur.