658 So.2d 1104 (1995)
Kenneth T. LYONS, Appellant,
v.
Owen Lewis WYMAN and Winston B. Brown Investments, Inc., a Florida Corporation, Appellees.
No. 94-0546.
District Court of Appeal of Florida, Fourth District.
July 19, 1995.
Rehearing and Clarification Denied September 11, 1995.
Leonard K. Samuels of Berger, Shapiro & Davis, P.A., Fort Lauderdale, for appellant.
Cynthia L. Cox, Vero Beach, for appellee  Winston B. Brown Investments, Inc.
Harold G. Melville of Melville & Fowler, P.A., Fort Pierce, for appellee  Owen Lewis Wyman.
ZEIDWIG, HOWARD M., Associate Judge.
Appellant raises several issues on appeal. After careful review of the record, we find that the only reversible error committed by *1105 the trial court was improperly calculating and compounding interest due on a loan owed by Appellant. In all other respects, we affirm.
Because there was no contractual agreement regarding the amount of interest that Appellant was to pay on the loan, the trial court should have imposed the statutory rate of interest. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla. 1985). Specifically, the statutory rate of six percent should have been assessed on the loan from the loan's inception in July, 1980, through June, 1982. § 687.01, Fla. Stat. (1981). However, because the statutory rate of interest changed, effective July 1, 1982, from six percent to twelve percent, see Department of Transp. v. M.C.C. of Florida, Inc., 540 So.2d 834, 835 (Fla. 1st DCA 1988), the statutory rate of twelve percent should have been assessed from the period beginning in July, 1982, through the end of the loan in September, 1989. § 687.01, Fla. Stat. (1989).
We also find that the trial court erred in compounding interest due on the loan because there was never an agreement between the parties that interest would be compounded. See LaFaye v. Presser, 554 So.2d 610, 611 (Fla. 1st DCA 1989); Underwriters at Lloyd's London v. Millar, 627 So.2d 1188 (Fla. 4th DCA 1993), rev. denied, 639 So.2d 984 (Fla. 1994). Accordingly, on remand, we instruct the trial court to recalculate interest due on the loan without compounding the interest due. In all other respects, we affirm the trial court's decision.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RECALCULATION OF INTEREST.
PARIENTE and SHAHOOD, JJ., concur.