FARMER, Judge.
We affirm in all respects except for the award of postjudgment interest on the prejudgment interest included in the final judgment. As to that, we reverse on the basis of our decisions in Underwriters at Lloyd’s of London v. Millar, 627 So.2d 1188 (Fla. 4th DCA 1993), rev. denied, 639 So.2d 984 (Fla. 1994); and Central Constructors, Inc. v. Spectrum Contracting Co., 621 So.2d 526 (Fla. 4th DCA 1993). In Millar, we said:
“we agree with Underwriters that the award to Millar erroneously includes post-judgment interest on that part of the final judgment which was prejudgment interest. See Central Constructors, Inc. v. Spectrum Contracting Co., 621 So.2d 526 (Fla. 4th DCA 1993). There, we followed the reasoning enunciated by the Florida Supreme Court, at least by implication, in In re Amendments to Florida Small Claims Rules, 601 So.2d 1201, 1202 (Fla.1992), and the lead of the first district in LaFaye v. Presser, 554 So.2d 610, 611 (Fla. 1st DCA 1989) (interest may not accrue on a sum which is itself interest) and United Services Auto. Ass’n v. Smith, 527 So.2d 281 (Fla. 1st DCA 1988) (error to award interest on interest awarded in judgment because it amounts to an invalid award of compound interest). The third district also finds that as a matter of logic and therefore, of law, it is irrefutable that an award of interest cannot itself bear interest. Perez Sandoval v. Banco de Commer-cio, S.A, C.A., 582 So.2d 179 (Fla.3d DCA 1991).”
627 So.2d at 1188.
We also certify conflict with Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992), which holds the contrary. The fifth district explained:
“If Perez does mean what it appears to mean, we are bound to disagree. In Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214-215 (Fla.1985), our supreme court determined that prejudgment interest is simply an element of pecuniary damages. Under this loss theory of damage, the failure of the defendant to surrender monies it owed to the plaintiff was itself a wrongful deprivation of the plaintiffs property, which the final judgment restores to the plaintiff. Once this element of damages is awarded in the final judgment, *1249 prejudgment interest, like all other elements of damage, becomes part of a single total sum adjudged to be due and owing. See Phillips v. Parrish, 585 So.2d 1038 (Fla. 1st DCA 1991). The amount awarded for prejudgment interest, like all other components of the ‘judgment’, automatically bears interest as provided by section 55.03, Florida Statutes. * * ⅜ Section 55.03, Florida Statutes, when applied to a judgment that contains an award of prejudgment interest, does not impermissibly compound interest on interest; rather it awards interest on a final judgment that remains unpaid after entry.”
605 So.2d at 1332. Although the members of this panel might have agreed with the fifth district on this issue, we are bound to follow the precedents of this court. By certifying the conflict, we make it possible for the supreme court to decide the issue and thereby resolve the conflict.
PARTIALLY AFFIRMED; REVERSED AS TO POSTJUDGMENT INTEREST ON PREJUDGMENT INTEREST PART OF JUDGMENT; CONFLICT CERTIFIED.
GUNTHER, C.J., and POLEN, J., concur.