WARNER, Judge.
This is the fifth appearance of this case in this court, in addition to one determination by the supreme court.[1] We hope it will be the last. This case involves the attempted exercise of an option on real estate upon which the optionor was the lessee under a fifty year lease. It is unnecessary to recite the extensive history of the lease. The only issues involved in this appeal are whether the trial court correctly construed the contract in awarding damages. We hold that the court correctly interpreted the option agreement to require the amount of the damages to be ten percent of the purchase price. Furthermore, based on the well established rule that a provision of a contract which specifically deals with a particular subject takes precedence over another provision only generally dealing with that subject, see Island Manor Apartments of Marco Island, Inc. v. Division of Florida Land Sales, 515 So.2d 1327 (Fla. 2d DCA 1987); Raines v. Palm Beach Leisureville Community Ass’n, 317 So.2d 814 (Fla. 4th DCA 1975), cert. dismissed, 336 So.2d 1183 (Fla.1976), we hold that the court did not err in refusing to terminate the lease.
We do not reach the issue of attorney’s fees, because it is not ripe for appeal. Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994).
We do, however, reverse the award of post-judgment interest on pre-judgment interest on the basis of Central Bank of the South v. Seppala & Aho Construction Co., 658 So.2d 1248 (Fla. 4th DCA 1995); Underwriters at Lloyd’s of London v. Millar, 627 So.2d 1188 (Fla. 4th DCA 1993), rev. denied, 639 So.2d 984 (Fla.1994); and Central Constructors, Inc. v. Spectrum Contracting Co., 621 So.2d 526 (Fla. 4th DCA 1993). We also certify conflict with Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992).
Affirmed in part; reversed in part; and remanded for further proceedings.
SHAHOOD, J., and SORONDO, RODOLFO, Associate Judge, concur.
BY ORDER OF THE COURT:
The motion for rehearing is granted and the order awarding attorney’s fees on appeal is -withdrawn. The appellant’s motion for attorney’s fees on appeal is denied. See State Farm Fire and Cas. Co. v. Ray, 556 So.2d 811 (Fla. 5th DCA 1990); Cooke v. French, 340 So.2d 541 (Fla. 1st DCA 1976). The only ground cited in the motion was section 57.105(2) which does not state a legal ground for award of attorney’s fees in the *165 instant ease, as even the appellant admits in the response.

. Kaufman v. Lassiter, 520 So.2d 692 (Fla. 4th DCA 1988), appeal after remand, 15 Fla.L.Weekly D419, 1990 WL 11118 (Fla. 4th DCA Feb. 14, 1990), opinion superseded on reh’g, 563 So.2d 209 (Fla. 4th DCA 1990), approved, 581 So.2d 147 (Fla.1991); Kaufman v. Lassiter, 616 So.2d 491 (Fla. 4th DCA), rev. denied, 624 So.2d 267 (Fla. 1993).