On Motion for Clarification
NESBITT, Judge.
Appellant and appellee have filed motions for clarification. We grant both motions for clarification, withdraw our opinion of June 18, 1997, and substitute the following revised opinion.
Ofer Zosman hired architect Brad Schif-fer/Taxis Inc., to perform architectural services on two projects, the first, a commercial “shell” for a property in Kendall, the second, a custom home. The parties executed a separate agreement for each project. An addendum was subsequently added to the “shell” contract. This addendum capped the architect’s fees at $30,000.
The addendum provided:
The Architect agrees that the said balance may be paid upon construction loan financing first draw or the sale of the land, whichever is sooner.
Zosman paid part of the architect’s fees and the balance went unpaid for some time. Eventually, Schiffer contended the property had been sold, and sought the remaining amount due.
In the instant action, Schiffer introduced a quit-claim deed dated June 4, 1992, from “Ofer Zosman, individually and as trustee, *1019 and Moshe Moore”, grantors, to “Moshe Moore, trustee”, grantee, and sought the $14,507.14 still owed. Zosman testified that he did not sell the land and that said deed was given to his partner, Moore, simply to secure a loan from Moore, which was eventually repaid. Schiffer also contended that he was entitled to attorney’s fees in bringing this action under the “shell” contract.
Zosman seeks reversal of the final judgment entered in Schiffer’s favor for his architectural services and attorney’s fees, and argues the fees subsequently awarded were unreasonable. Alternatively, Zosman argues that even if payment for the architect’s services was properly awarded, Zosman is entitled to reversal of that portion of the final judgment holding him accountable for Schif-fer’s attorney’s fees. We agree with this alternative argument.
The “shell” contract stated payment would be made upon sale of the land. Technically, what happened here was a sale of the land'—as evidenced by the quit-claim deed.
Section 689.07, Florida Statutes (1995) provides:
“Trustee” or “as trustee” added to name of grantee, transferee, assignee, or mortgagee transfers interest or creates lien as if additional word or words not used
(1) Every deed or conveyance of real estate heretofore or hereafter made or executed, in which the words “trustee” or “as trustee” are added to the name of the grantee, and in which no beneficiaries are named nor the nature and purposes of the trust, if any, are set forth, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey and grant and encumber both the legal and beneficial interest in the real estate conveyed, unless a contrary intention shall appear in the deed or conveyance; provided, that there shall not appear of record among the public records of the county in which the real property is situate at the time of recording of such deed or conveyance, a declaration of trust by the grantee so described declaring the purposes of such trust, if any, declaring that the real estate is held other than for the benefit of the grantee.
Accordingly, that additional language referring to the owners as trustees, did not change the nature of the transaction. Because a sale had taken place, Schiffer was entitled to the fee for his services.
However Zosman should not have been held accountable for Schiffer’s attorney’s fees. The contract provided:
The architect shall be entitled to recover all costs actually incurred in collecting over-due accounts.
The Supreme Court has observed that the term “costs” is not generally understood as including attorney’s fees. See Wiggins v. Wiggins, 446 So.2d 1078, 1079 (Fla.1984); see also Smith v. Sitomer, 550 So.2d 461 (Fla.1989) (holding medical liability insurer with policy calling for payment of “all costs taxed against insured” was not obligated to pay prevailing party attorney’s fees).
Here, the transcript is devoid of evidence that Schiffer and Zosman specifically discussed the attorney’s fees issue. The crux of the testimony at trial was that Schiffer was of the opinion that the payment of attorney’s fees “would be fair.” In fact, the parties were well aware of how to ensure the recovery of expenses, as evidenced by the fact that in the residential property contract, the parties expressly provided for the recovery of attorney’s fees. Because, as the prevailing party at trial, Schiffer would only be entitled to recover his attorney’s fees if such a recovery were provided for by statute or contract, see David v. Richman, 568 So.2d 922 (Fla.1990); Vining v. Carmona, 596 So.2d 154 (Fla. 3d DCA 1992), the trial judge erred in making that award.
Thus, we affirm that part of the trial court’s order which determines Schiffer was entitled to payment for his services sought pursuant to the “shell contract.” We reverse that part of the trial court’s order finding Schiffer could recover the attorney’s fees awarded pursuant to that “shell contract.” Following this analysis, we need not address the reasonableness of the attorney’s fees awarded. We do, however, find that the *1020 expert fee costs awarded were appropriate. See Orlando Regional Medical Center, Inc. v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990); see also Madison v. Midland Nat. Life Ins. Co., 648 So.2d 1226, 1228 (Fla. 4th DCA 1995), citing Reeser v. Boats Unlimited, Inc., 432 So.2d 1346 (Fla. 4th DCA 1983) (reproducing Statewide Uniform Guidelines for Taxation of Costs in Civil Actions).
Affirmed in part, reversed in part.