853 So.2d 1102 (2003)
Stanley VORSTEG, Appellant,
v.
Edmund THOMAS and Patricia, his wife, individually, and Patricia Thomas, as parent and natural guardian of Giselle Thomas, a minor, Appellees.
No. 4D02-1952.
District Court of Appeal of Florida, Fourth District.
August 27, 2003.
Rehearing Denied September 26, 2003.
*1103 H. Mark Purdy of Purdy & Flynn, P.A., and Fred L. Fulmer of Law Offices of Fred Land Fulmer, Fort Lauderdale, for appellant.
Patrice A. Talisman of Hersch & Talisman, P.A., Miami, and Silverstein, Silverstein & Silverstein, Aventura, for appellees.
WARNER, J.
We affirm the final judgment awarding appellee damages. While appellant contends that the court abused its discretion in admitting speculative testimony regarding appellee's future lost earning capacity, counsel did not object to the evidence. As to both future lost earning capacity and future medical expenses, appellant and appellee offered conflicting expert testimony. The jury returned a verdict favoring appellee's experts' view of the evidence.
A jury is free to determine the credibility of experts and, where there is conflicting evidence, the weight to attach to their opinions. See Easkold v. Rhodes, 614 So.2d 495, 498 (Fla.1993). A damages award supported by competent, substantial evidence should be affirmed. See Perma Builders, Inc. v. JBM Assocs., 472 So.2d 1381, 1383 (Fla. 4th DCA 1985); see also Owens-Corning Fiberglas Corp. v. McKenna, 726 So.2d 361, 363-64 (Fla. 3d DCA 1999). We also conclude that the award in this case is not so excessive as to shock the judicial conscience, given the severe injuries to appellee and the future care required. See Allstate Ins. Co. v. Shilling, 374 So.2d 611, 613 (Fla. 4th DCA 1979).
Finally, appellant argues that the court erred by sending in to the jury during deliberations appellee's rehabilitation expert's report, when the appellant's expert's report was not also sent in. However, appellant's expert's report was not admitted into evidence, and appellant does not raise the trial court's evidentiary ruling on the report as an issue on appeal. Moreover, appellant never objected to sending appellee's admitted evidence to the jury on the grounds asserted on appeal. As such, the issue is not preserved. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); Lacey v. State, 831 So.2d 1267, 1268 (Fla. 4th DCA 2002).
Affirmed.
POLEN and GROSS, JJ., concur.