HOROWITZ, ALFRED J., Associate Judge.
This is a consolidated appeal wherein United American Lien and Recovery Corp. and Century American Casualty Co. timely appeal an amended final judgment awarding damages, attorney’s fees and costs, and forfeiting a bond in favor of Anthony Prim-icerio. We affirm in part and reverse in part for the reasons set forth below.

FACTS

A dispute arose between Primicerio and Pro-Line Collision, Inc., an automobile repair facility, regarding repairs that Pro-Line allegedly performed to Primicerio’s truck. When Primicerio refused to pay the repair bill, Pro-Line refused to return the vehicle to him. Thereafter, Pro-Line hired United to prepare and send a notice to Primicerio of Pro-Line’s intention to claim a lien pursuant to section 713.585, Florida Statutes, and further to advise Primicerio that the truck would be sold to satisfy the lien if payments were not made by a certain date. Consistent with section 713.585(5), Primicerio filed “a demand for hearing pursuant to a notice of sale of motor vehicle to satisfy lien” against United and Pro-Line. In the demand, Primi-cerio insisted that the court set a hearing to determine if the lien was valid based on a finding that there was actual work done to his vehicle, and requested that the pending sale be cancelled. The pending sale of the vehicle was cancelled to allow an evidentiary hearing to take place.
On December 14, 1999, the court entered an order requiring Pro-Line and United to release Primicerio’s vehicle and all liens, and ordered that any planned sale of the truck be cancelled. The court reserved “ruling on attorney’s fees and costs, and other damages that the parties may believe arise out of this cause.” Pro-Line appealed this order and filed a motion requesting the trial court stay the proceedings pending the outcome of the appeal. A stay was granted on the condition that Pro-Line post a $20,000 bond “to insure against waste, destruction, disposal, etc.” Century, as surety of Pro-Line, posted the required bond.
This court subsequently affirmed without opinion the trial court’s order in Pro-Line Collision, Inc. v. Primicerio, 770 So.2d 692 (Fla. 4th DCA 2000). On December 15, 2000, Primicerio filed a motion for fees, costs, and damages against United and Pro-Line pursuant to chapters 559 and 713 of the Florida Statutes and pursuant to the December 14, 1999 order. A hearing was held on the motion, and the court entered a final judgment in which it ordered Pro-Line to pay attorney’s fees and costs, and stated that “damages arising out of Pro-Line Collision, Inc.’s wrongful detention” would be determined at another hearing. Although United is named as a defendant in the style of the order, it is not mentioned anywhere else in the order and only Pro-Line is ordered to pay. On December 27, 2000, the court entered an amended final judgment in which it ordered Pro-Line alone to pay $10,000 in attorney’s fees, $1,027.49 for costs, and $875 to Primicerio’s expert. Again, no relief was awarded against United.
Over a year later, Primicerio filed a motion for forfeiture of the bond that Century had posted. The court held a hearing *851 on this motion, and subsequently entered an order in which it granted the motion and ordered that the bond be forfeited in the amount of $11,902.49, which was the amount of the December 27, 2000 judgment for attorney’s fees and costs entered against Pro-Line. The court retained jurisdiction to award the remainder of the bond at the conclusion of the damages hearing.
On May 15, 2002 and October 28, 2002, the trial court held hearings on Primicer-io’s motion for fees, costs, and damages. There is no transcript of the May 15, 2002 hearing as a court reporter was not present. After these hearings, the trial court entered an amended final judgment dated September 30, 2003, wherein damages of $8,097.51 were awarded against United and Pro-Line, and it was further ordered that the $20,000 bond issued by Century be forfeited to Primicerio. Additionally, the court awarded attorney’s fees against United and Century.

UNITED

United argues that the trial court erred in awarding a money judgment against it when no theory of recovery was ever pled against the company nor were money damages requested in the prayer for relief. Because damages were not pled, the issue becomes whether damages against United were tried by implied consent. “The general rule is that a judgment based upon matters entirely outside the pleadings cannot stand.” Alternative Dev., Inc. v. St. Lucie Club & Apartment Homes Condo. Ass’n, Inc., 608 So.2d 822, 825 (Fla. 4th DCA 1992). The transcript of the October 28, 2002 hearing clearly shows the issue of damages against United was not tried by implied consent. At that hearing, United argued that Primicerio was not seeking damages against United but merely seeking the termination of the sale of the truck at auction. Primicerio never sought to amend his pleadings to conform to the evidence pursuant to Florida Rule of Civil Procedure 1.190(b). Notwithstanding the absence of a transcript from the May 15, 2002 hearing, it is nonetheless clear that the issue of damages was not tried by implied consent.
In his motion for fees, costs, and damages, Primicerio sought an award of attorney’s fees and costs against United pursuant to sections 559.921(1) and 713.585(7)(d), Florida Statutes. Section 559.921(1) provides:
(1) Any customer injured by a violation of this part may bring an action in the appropriate court for relief. The prevailing party in that action may be entitled to damages plus court costs and reasonable attorney’s fees. The customer may also bring an action for injunc-tive relief in the circuit court.
This section is part of the “Florida Motor Vehicle Repair Act,” which limits its application “to all motor vehicle repair shops in Florida,” with certain exceptions. § 559.902, Fla. Stat.
Section 559.903(6) defines “motor vehicle repair shop” as the following:
(6) “Motor vehicle repair shop” means any person who, for compensation, engages or attempts to engage in the repair of motor vehicles owned by other persons....
It is clear that United is not a “motor vehicle repair shop” within the meaning of section 559.903(6) and therefore section 559.921(1) is inapplicable to it. United is only in the business of preparing statutory lien notices and conducting auctions of vehicles for the purpose of satisfying liens.
Primicerio further sought attorney’s fees and costs .under section 713.585(7)(d). This section provides:
*852 (7) At the hearing on the complaint, the court shall forthwith issue its order determining:
[[Image here]]
(d) the award of reasonable attorney’s fees and costs to the prevailing party.
However, this section must be read in conjunction with section 713.585(6), which provides:
(6) In the event a lienor institutes a judicial proceeding to enforce a lién, no filing fee shall be required at the time of filing, but the court shall require the lienor to pay the filing fee unless the lienor shall prevail in the action.
Therefore, Primicerio’s reliance on this statute is misplaced as it confers a right on a “lienor” to seek attorney’s fees and costs. This section would be applicable to Pro-Line had it prevailed in the instant litigation, but Primicerio is precluded from making a claim based on it. Accordingly, the award of damages, attorney’s fees, and costs against United is reversed.

CENTURY

Century contends that because the vehicle was returned to Primicerio the conditions of its bond were met and the trial court erred in awarding damages, attorney’s fees, and costs against it. Florida Rule of Appellate Procedure 9.310(a) provides, in part, “stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.” Subsection (c) provides:
(c) Bond.
(1) Defined. A good and sufficient bond is a bond with a principal and a surety company authorized to do business in the State of Florida.... '
(2) Conditions. The conditions of a bond shall include a condition to pay or comply with the order in full, including costs; interest; fees; and damages for delay, use, detention....
While the vehicle was ultimately returned to Primicerio, there was evidence to suggest its return may have been delayed for up to a year and a half. Century argues that its bond did not cover delay damages. Century relies on American Home Assurance Co. v. Larkin General Hospital, Ltd., 593 So.2d 195 (Fla.1992), which held that a surety was not liable for delay damages caused by a contractor’s default where these damages were not specifically provided for in the bond. This case is distinguishable in that the bond in American Home Assurance was a performance bond and not required to cover delay damages. The bond which Century issued provides:
WE, UNITED AMERICAN LIEN AND RECOVERY CORP., AND PRO-LINE COLLISION, INC. (“defendant”), as Principal, and CENTURY AMERICAN CASUALTY COMPANY, as Surety, are bound unto Anthony Primicerio (“plaintiff’), as Obligee, in the sum of $20,000 for the payment of which we bind ourselves, our heirs, personal representatives, successors and assigns, jointly and severally.
WHEREAS the defendant has obtained this bond to recover possession of the described property pending adjudication of the claims of the parties.
THE CONDITION OF THIS BOND is that if defendant shall deliver possession of the property described in said order, on final adjudication of the claims, then this bond is void; otherwise it remains in force.
The notice of filing the bond, which is attached to Century’s bond, provides, in part:
Pursuant to the Order on Motion for Stay Pending Appeal of this court dated and entered December 22, 1999, requir *853 ing defendant PRO-LINE, to post a bond in the amount of $20,000.00 to insure against waste, destruction, disposal, etc., of plaintiffs vehicle, defendant, PRO-LINE, gives notice of the filing of the attached bond herein by filing the original with the Clerk of the Circuit Court and serving copies of this notice with bond to counsel as provided in the certificate of service below.
Century itself refers to the bond as a “supersedeas bond” in another notice of filing that was entered on November 15, 2002. Consequently, the bond posted by Century covers any delay damages.
Century further asserts that assuming there was a basis on which to forfeit the bond, the award of damages was not based on competent, substantial evidence. See Vorsteg v. Thomas, 853 So.2d 1102, 1103 (Fla. 4th DCA 2003). Additionally, “[i]n appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.” Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Without the May 15, 2002 transcript from the hearing on damages, this court is unable to conclude that the award of damages against Century was not supported by competent, substantial evidence. The award of damages against Century is affirmed.
 Finally, Century argues that the trial court erred in awarding attorney’s fees and costs against it. Century was not a party to this litigation until Primicerio filed his motion for forfeiture of the bond on March 12, 2002. This motion does not seek attorney’s fees. It is true that a party is not required to plead the specific grounds for attorney’s fees, so long as it puts the other party on notice of its claim of entitlement to fees. See Caufield v. Cantele, 837 So.2d 371 (Fla.2002). However, there is nothing in the record to support a finding that Century was put on notice that a claim of attorney’s fees or costs was being sought against it. Further, there is nothing in the terms of Century’s bond that would create any claim for attorney’s fees in favor of Primicerio. See Hubbel v. Aetna Cas. & Sur. Co., 758 So.2d 94 (Fla.2000) (holding that attorney’s fees under the Florida Deceptive and Unfair Trade Practices Act could not be recovered where surety bond did not provide for such fees). The award of attorney’s fees and costs against Century is reversed.
AFFIRMED IN PART, REVERSED IN PART.
KLEIN and MAY, JJ., concur.