342 So.2d 1069 (1977)
Jean A. INMAN, Appellant,
v.
The CLUB ON SAILBOAT KEY, INC., a Florida Corporation, and Sailboat Key, Inc., a Florida Corporation, Appellees.
No. 76-518.
District Court of Appeal of Florida, Third District.
March 1, 1977.
Peeples, Earl & Blank and Richard M. Goldstein, Miami, for appellant.
Ralph S. Sterling, Miami, for appellees.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Plaintiff, Jean Inman, appeals a final summary judgment in favor of Sailboat Key, Inc., and an order denying her motion for rehearing and leave to file an amended complaint in an action to recover the balance of sale commissions.
Appellant filed a two-count complaint against The Club On Sailboat Key, Inc., and Sailboat Key, Inc. In count I she alleged that she had entered into an employment contract with the defendants whereby she acted as a salesperson for condominiums to be constructed and known as The Club On Sailboat Key; that through her efforts in *1070 excess of two million dollars worth of units were contracted for; as a result of her efforts, she was entitled to $21,495 in commissions and a balance of $8,799 was due and owing. In count II she alleged that she had entered into an agreement with defendant The Club On Sailboat Key, Inc. to purchase one of the units using $4,500 of her earned commissions to be placed in escrow as a down payment; defendant did not place the $4,500 in escrow and she demanded return of her deposit. Attached to the complaint was a copy of her employment contract and the deposit receipt agreement. A default judgment was entered against The Club On Sailboat Key for failure to comply with the rules of discovery. Thereafter, Inman filed a motion for entry of final judgment and attached an affidavit stating that she was employed by The Club On Sailboat Key, Inc. and the corporation owed her $8,799 in commissions. A final judgment in that amount was entered against The Club. Thereupon, Sailboat Key, Inc. moved for a final summary judgment on the ground Inman was estopped from pursuing her claim against it by virtue of the above final judgment. After hearing, the trial judge entered final summary judgment for Sailboat Key, Inc. Inman then filed a motion for rehearing and for leave to file an amended complaint to incorporate allegations to pierce the corporate veil of both defendants, and to add the sole stockholder of both corporations as a party-defendant. The motion was denied and Inman perfected this appeal from the summary judgment and order of denial.
With respect to the entry of summary judgment for Sailboat Key, Inc., the record reflects that Inman's employment contract was with The Club On Sailboat Key, Inc.; and in her affidavit in support of final judgment, Inman herself states that she was employed by The Club and that her contract was with this defendant. We, therefore, find no error in the entry of summary judgment for Sailboat Key, Inc. A party who opposes summary judgment will not be permitted to alter the position of his or her previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary judgment. Home Loan Company Incorporated of Boston v. Sloane Company of Sarasota, 240 So.2d 526 (Fla.2d DCA 1970).
Appellant was attempting to raise new issues for the first time in her motion for rehearing and for leave to amend; and summary judgment already having been entered, the trial judge did not abuse his discretion in denying the proposed amendment at this stage of the proceedings. See Cohen v. Landow, 242 So.2d 801 (Fla.3d DCA 1971).
Affirmed.