PER CURIAM.
We have consolidated three appeals. The first is from a final judgment of foreclosure, from which appellees have cross-appealed the set-off included therein. Because the final judgment lacked finality due to the indefiniteness of the set-off, we relinquished jurisdiction to cure the omission, which the trial court did by order, thus, in effect, amending the final judgment.
We affirm the trial court’s final judgment, as effectually amended by order, except for the setoff. Mr. Motwani was not entitled to damages as an employee at will; therefore, we reverse that award and remand with direction to strike same from the order and original final judgment. Because we conclude a complete lack of entitlement, there is conflict with Perri v. Byrd, 436 So.2d 359 (Fla. 1st DCA 1983), which held that an employee at will is entitled to reasonable notice of termination, failing which damages would be allowable for the notice period.
The second appeal is from a final judgment to both appellants for attorney’s fees arising out of the set-off in the foreclosure. Our having reversed the set-off, it follows that the award of attorney’s fees to Mr. Motwani must also be reversed and stricken on remand. As Mrs. Motwani was not an employee, the award to her is reversed, there being no basis for any award.
The third is from an order and denial of rehearing involving a claim for attorney’s fees under section 57.105(a), Florida Statutes (1993). The dismissal of counts appropriately occasioned a denial of attorney’s fees in the third appeal as the complaint was not completely dismissed. Accordingly, the order is affirmed.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.