W. SHARP, Judge.
Agarwal appeals from a final judgment in favor of Pinnacle Realty Management Company, Inc. for $20,000 in damages, plus costs and attorney fees. We affirm because the record establishes that Agarwal executed an absolute guarantee in favor of Pinnacle.
In 1992, Pinnacle leased commercial property in the Orienta Plaza in Altamonte Springs to Super Source, Inc. In 1995, Super Source sought to assign its leasehold to the Bingo Centers, Inc. Pinnacle' agreed to the assignment[1] on the condition that Agarwal guarantee the performance of the lease in his individual capacity. He executed a document which provided:
[T]he undersigned ... absolutely and unconditionally guarantees to Landlord ... (i) the punctual payment of all reserved rents ... (ii) the prompt and full payment and performance of each and every other obligation or liability, direct, or contingent, of Tenant under the Lease ...
‡ ‡ $
(Agarwal) waives presentment, demand for payment and notice of nonpayment or nonperformance by Tenant of any term, covenant or provision contained in the Lease ... (and) any and all notices of default ...
(Agarwal) hereby agrees that his obligation hereunder shall continue in full force and effect, notwithstanding Landlord’s consent to any assignment of the guaranteed Lease by Tenant....
The liability of the Guarantor under this Guaranty shall be primary, direct and immediate and not conditional or contingent upon pursuit by Landlord of any remedies it may have against any other guarantors or Tenant ... with respect to the Lease ... Landlord shall not be required to make any demand on Tenant or to pursue or exhaust remedies against any other guarantors or Tenant before, simultaneously with or áfter, enforcing its rights and remedies hereunder against Guarantor.
In April of 1997, the Bingo Center was closed down because of illegal operations and it defaulted on its rent due May 1. Bingo Centers assigned its interest in the lease to Agarwal on May 13. Pinnacle posted a five-day notice of demand for rent or possession of the premises on May 16. Agarwal received the notice on June 6, and tendered the May rent ($10,700) but Pinnacle refused to accept it.
On May 29, 1997, Pinnacle sued the Bingo Centers, Super Source and Agarwal. The parties stipulated to possession, and the case was tried on damages. The court found Agarwal liable in his capacity as guarantor of the lease defaulted on by Bingo Centers. It also found Agarwal not liable in his capacity as tenant-assignee of Bingo Centers because he had not received the five-day notice of default. Although the later holding may be questionable because of the waiver language in the lease and assignment documents, it is clear Agarwal is liable under the guaranty.
The guaranty which Agarwal executed provides that the grantor waives presentment, demand for payment and notice of non-payment or non-performance by the tenant and any notice of default. It also provides that the guarantor’s obligations continue even though the landlord consents to any assignment of the lease. And, it makes the guarantor primarily and directly liable for any default.
In this case, Agarwal guaranteed the performance of the Bingo Centers under the lease. Two months rent were in default. By executing the guarantee Agarwal waived notice of default by the tenant and because the guaranty was “absolute,” Pinnacle was not required to pursue other potential defendants first {i.e., the tenants) before pressing its claim against the guarantor. Mullins v. Sunshine State Service Corp., 540 So.2d 222 (Fla. 5th DCA1989).
AFFIRMED.
HARRIS and ANTOON, JJ., concur.

. The lease between Pinnacle and Super Source required Pinnacle's consent.