OWEN, WILLIAM C., Jr., Senior Judge.
After the mandate issued in Motwani v. Oceancity Investment, Ltd., 682 So.2d 1158 (Fla. 4th DCA 1996), the trial court entered an order on December 10, 1997, purporting to carry out this court’s directions. The primary issue raised on appeal from that order is whether it did, in fact, comply with the mandate. We find that it did not, and we therefore reverse and remand with directions.
The brevity of our above cited opinion, a characteristic which is perhaps not undesirable in appellate opinions, may in this instance have failed to give the trial court adequate guidance. Consequently, we set out here a somewhat more expansive overview of the facts and issues which were involved.
Mr. and Mrs. Motwani were the makers of a promissory note in the principal amount of $320,000, bearing interest at twelve percent per annum payable quarterly, with a default interest rate of thirteen percent.[1] The note, secured by a mortgage on certain real estate, went into default. The holder, PDGS,[2] sought a money judgment and foreclosure of the mortgage. Mr. Motwani, who had been discharged from his employment by PDGS, counter-claimed seeking damages for alleged wrongful termination of his employment. The court entered a final judgment which, as subsequently amended on temporary relinquishment of jurisdiction, (a) found that Mr. Motwani had been wrongfully discharged and awarded him damages as a credit against the interest on the note, (b) determined there was due PDGS for principal and interest on the note the sum of $471,177 as of February 22, 1994, and (c) foreclosed the mortgage and ordered the property sold.
The Motwanis appealed from that judgment contending, among other things, that (1) the wrongful termination damages- to Mr. Motwani should have been greater, and (2) in any event, the interest on the note should have been computed at simple interest rather than compounded quarterly[3] as the court had done in arriving at the amount due the holder. PDGS cross-appealed, contending that (1) Mr. Motwani, as an employee at will, was not entitled to any termination damages, and (2) a reversal of the damage award to Mr. Motwani would have the effect of making the sum due on the note and mortgage substantially greater because the amount which the court found due was actually a net amount after giving Mr. Motwani credit for the damages awarded him.
In deciding that appeal favorably to PDGS, this court held, at 682 So.2d 1159:
We affirm the trial court’s final judgment ... except for the set-off. Mr. Motwani was not entitled to damages ... therefore, we reverse that award and remand with directions to strike same from the ... final judgment.
Following remand, the case came to a judge other than the one who had entered the original judgment. The trial court viewed this court’s opinion and mandate as precluding it from re-computing the amount due the holder of the note and mortgage since our opinion had not expressly addressed that issue; thus, the court concluded *401 that the final judgment, as affirmed in this court’s opinion, fixed the amount due on the note, inclusive of principal and interest, at the sum of $471,177 as of February 22, 1994. The court thereupon computed simple interest at the note’s default rate of 13% from February 22, 1994, and after taking into account a credit to Mr. Motwani for a payment of $610,000 on February 3, 1997, found the Motwanis remained indebted to the plaintiff, exclusive of attorney’s fees and costs, in the amount of $45,417.61 as of October 20, 1997. This is the order which PDGS has now appealed, and which the Motwanis have cross-appealed.
Appellant first contends, and we agree, that the trial court, in order to have given effect to the mandate’s direction to strike the damage award to Mr. Motwani, should have re-computed the amount due PDGS on the judgment. The record establishes, beyond a peradventure of a doubt, that the original judgment of May 10, 1994, which fixed the amount at $471,177 as of February 22, 1994, was a “net” judgment after crediting Mr. Motwani with a “salary” of $1,750 per month from June 1988 through February 1994. Most, if not all, of that salary was included in the damage award which we directed to be stricken.[4] Though our opinion in Motwani v. Oceancity Investment, Ltd. did not state explicitly that the trial court, in order to give effect to the direction to strike the damage award, would have to re-compute the amount of the judgment in favor of PDGS, such was clearly (and in any event, necessarily) implied. Given that the judgment as entered reflected credit for the damage award, there simply was no way the trial court could give efficacy to both our “affirmance” of the judgment in favor of PDGS and our direction to “strike” the set-off damages awarded to Mr. Motwani without re-computing the amount of the judgment.
Appellant next contends that the trial court erred in computing the interest after February 23,1994, as simple interest because our affirmance of the judgment established compound interest as the law of the case. This is so, it argues, because the judgment included compound interest, and the Mot-wanis’ claim of error on that issue had been decided adversely to them. The doctrine of law of the case is certainly well settled in this jurisdiction. See Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965).[5] However, the point raised by appellant would be implicated, if at all, only as to the interest from February 23, 1994 to May 10, 1994, the date of the judgment, because this court’s affirmance of the judgment did not in any event decide any issue of law relating to post-judgment interest or its method of computation.
Nevertheless, because we think it clear that compounding interest upon default was error, see Pitts v. Pastore, 561 So.2d 297, 302 (Fla. 2d DCA 1990) (requiring express provision for compound interest); Lyons v. Wyman, 658 So.2d 1104, 1105 (Fla. 4th DCA 1995) (trial court improperly compounded interest when the parties did not expressly agree to compound interest), we need to determine whether the doctrine of law of the case leaves us room to rectify this error by directing that upon remand the interest be computed on the basis of simple interest. We think it does. In the Strazzulla case the court, quoting from its decision in Beverly Beach Properties v. Nelson, 68 So.2d 604 (Fla.1953), stated:
We may change “the law of the case” at any time before we lose jurisdiction of a cause and will never hesitate to do so if we become convinced, as we are in this instance, that our original pronouncement of the law was erroneous and such ruling resulted in manifest injustice. In such a situation a court of justice should never adopt a pertinacious attitude, (emphasis supplied)
177 So.2d at 3.
This court’s affirmance of the judgment certainly had the effect, under the doctrine of *402 law of the case, of settling all issues decided on that appeal. However, the court’s opinion made no pronouncement on the law relating to the propriety of compounding interest on a note which does not expressly provide for such. If the court has the power to change the law of the case where it has made an erroneous pronouncement on the law, it certainly has the power to change the law of the case where it has made a decision without a pronouncement. Being mindful of the limitations cautioned by the Strazzulla court, we nonetheless feel we do no harm to the doctrine by directing that upon remand the interest on the note to the date of judgment be computed at simple interest.
On their cross-appeal appellees argue, correctly, that post-judgment interest should have been at the statutory rate rather than the note rate since the note did not expressly provide for the note rate to continue after judgment. Whitehurst v. Camp, 677 So.2d 1361, 1363 (Fla. 1st DCA 1996), approved 699 So.2d 679 (Fla.1997).
In summary, appellant’s judgment should be for the principal plus simple interest at twelve percent to the date of default, and thereafter while in default at thirteen percent, to May 10, 1994, less credit to Mr. Motwani, if any, due for earned salary. From the date of judgment, May 10, 1994, the judgment shall bear interest at the statutory rate.[6] The court may, in its discretion, entertain such further proceedings and enter such orders as it deems necessary to carry out the mandate of this court, including entry of an order consistent with the format of its order of December 10, 1997, to reflect post-judgment interest, costs, attorneys fees and credits.
REVERSED AND REMANDED, with directions.
WARNER and KLEIN, JJ., concur.

. The note did not contain an express provision for either compound interest upon default, or for interest at the note rate after judgment.

. The payee of the note was PDGS, LTD., a Florida Limited Partnership. There are other entities involved in this litigation whose interests are in common with that of PDGS, LTD. All are jointly referred to herein simply as PDGS or as appellant.

.To say this issue (compounding interest) was raised on the prior appeal is more technical than real. Though the issue was stated as a point on appeal in appellants' brief, the two-sentence argument in support thereof contained neither reference to the record nor citation to authority. One could conclude that it was not a real issue.

. There is some indication in the record, confirmed on oral argument, that Mr. Motwani was engaged in his employment from June 1988 to March 1989, and thus the credit given him for that period of time may have been earned rather than awarded as part of the damages.

. The purpose, effect and proper application of the doctrine of “law of the case" are thoroughly discussed in the opinion by Mr. Justice Roberts. The serious student will profit from reading it.

. Appellees’ argument on cross-appeal that this is unlawful interest on interest is rejected on the authority of Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929, 932 (Fla.1996).