826 So.2d 462 (2002)
LPP MORTGAGE LTD., etc., Appellant,
v.
BANK OF AMERICA, N.A., Appellee.
No. 3D01-3578.
District Court of Appeal of Florida, Third District.
September 18, 2002.
*463 Roger D. Bear, P.A., and John B. St. Lawrence (Orlando), for appellant.
Nixon and Associates, P.A., and Victor H. Veschio (Tampa), for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
LPP Mortgage, Ltd. (LPP) appeals from an order granting the plaintiff's motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540 and an order denying the defendant's motion for rehearing. We affirm.
Bank of America initiated a foreclosure proceeding against the real property owner and the junior lienholders including appellant LPP Mortgage. Prior to Bank of America filing its Motion for Summary Judgment and the affidavit in support of the motion, LPP requested payoff and reinstatement figures. Bank of America provided the figures and specifically referenced the advancement and payment of $9,459.64 in real estate taxes, which Bank of America paid to the Miami-Dade Tax Collector in January 2001. Bank of America's motion for summary judgment was granted and the foreclosure sale was set. However, before the foreclosure sale, it was determined that the final summary judgment did not include the $9,459 in taxes paid by Bank of America because that amount was mistakenly omitted from the affidavit in support of Bank of America's motion for summary judgment. Accordingly, the Bank of America representative who attended the foreclosure sale brought a revised affidavit reflecting the cost of the tax payment and post-judgment interest on that amount. At the foreclosure sale, LPP opened its bid at $1.00 over the total amount due to Bank of America, including the tax payment. LPP purchased the property with the high bid. However, the sale attendee failed to file the revised affidavit. Bank of America did not discover the attendee's failure until after it received its disbursement check, which did not include the taxes paid.
Bank of America filed a Motion for Relief from Judgment pursuant to Rule 1.540, alleging that LPP had actual and constructive knowledge of the tax payment, yet remained silent in order to obtain a windfall from Bank of America's mistake. The court granted the motion and ruled that LPP could reimburse Bank of America for the taxes paid or the foreclosure judgment would be set aside, LPP would be fully reimbursed, and a new sale date would be scheduled. LPP admitted at the hearing to having actual knowledge of the tax payment. LPP filed a motion for rehearing on the basis that it had already sold the property to an innocent third party prior to the hearing on Bank of America's motion for relief from judgment. The court denied LPP's motion for rehearing and ordered LPP to reimburse Bank of America for the taxes paid. LPP appeals.
Whether relief should be granted pursuant to Rule 1.540 is a fact specific question and the trial court's ruling should not be disturbed on appeal absent a gross *464 abuse of discretion. See, e.g., Schwab & Co. v. Breezy Bay, Inc., 360 So.2d 117, 118 (Fla. 3d DCA 1978) ("The discretion reposed in the trial judge by Fla. R. Civ. P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion."); Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla.1972); see also Johnson v. Sanders, 207 So.2d 744 (Fla. 1st DCA 1968).
Here, LPP had actual knowledge of the tax payment, the amount was undisputed, and LPP knew that omission of the tax payment from the final judgment was a mistake. Under these circumstances, we find no abuse of discretion in the trial court's correction of the judgment to include the taxes paid by Bank of America.
AFFIRMED.