# Third District Court of Appeal

## State of Florida

Opinion filed April 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-281 & 3D16-1297
Lower Tribunal No. 09-14497

_____

**Abraham Cohen,**
Appellant/Cross-Appellee,

vs.

**Avra Jain, et al.,**
Appellees/Cross-Appellants.

Appeals from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Stok Folk + Kon, Robert A. Stok and Joshua R. Kon, for appellant/cross-appellee.

Buchanan Ingersoll & Rooney, Jennifer Olmedo-Rodriguez, Richard A. Morgan and Matthew J. Feeley, for appellees/cross-appellants.

Before EMAS, LOGUE and SCALES, JJ.

PER CURIAM.

In these consolidated appeals, the parties each seek review of portions of the post-trial final judgment. Appellant Abraham Cohen appeals that portion of an otherwise favorable final judgment which awarded only simple interest (instead of compound interest) under the promissory note at issue. Appellees Avra Jain, Paul Murphy and H-H Investments, LLC (collectively, Jain and Murphy) cross-appeal the final judgment, alleging that the trial court committed several errors in the course of the trial. Murphy and Jain also appeal the trial court's order denying their motion to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540. We affirm both of the final orders on appeal.

As to Cohen's appeal from that portion of the final judgment awarding only simple interest, it is well-settled that where the note contains no express provision for the compounding of interest, the holder of the note is entitled only to simple interest. Stramondo v. Jet 1, Inc., 865 So. 2d 632 (Fla. 2d DCA 2004); Pitts v. Pastore, 561 So. 2d 297 (Fla. 2d DCA 1990); PDGS, Ltd. v. Motwani, 729 So. 2d 399 (Fla. 4th DCA 1998); Lyons v. Wyman, 658 So. 2d 1104 (Fla. 4th DCA 1995). With regard to Jain and Murphy's appeal of the final judgment, we find that the trial court did not err in its evidentiary rulings excluding certain evidence and, to the extent that any evidence was erroneously excluded, such error was harmless. See Special v. West Boca Med. Ctr., 160 So. 3d 1251 (Fla. 2014) (applying harmless error standard in a civil appeal, requiring the beneficiary of the

2

error to establish that there is no reasonable probability that the error contributed to the verdict).  We also hold that the trial court properly denied Jain and Murphy's motion for directed verdict and properly granted Cohen's motion for directed verdict on Jain and Murphy's affirmative defenses and counterclaims.  See Sanders v. ERP Operating Ltd. P'ship, 157 So. 3d 273, 277 (Fla. 2015) (holding that an appellate court, viewing the evidence and all inferences of fact in light most favorable to non-moving party, can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the non-moving party); Tylinski v. Klein Auto., Inc., 90 So. 3d 870, 873 (Fla. 3d DCA 2012) (recognizing that "a motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party.")[1]

Finally, we cannot say that the trial court abused its discretion in denying Jain and Murphy's motion for relief from judgment under rule 1.540.  See LPP Mortg. Ltd. v. Bank of America, N.A., 826 So. 2d 462, 463-64 (Fla. 3d DCA 2002) (applying gross abuse of discretion standard in reviewing trial court's ruling on a motion for relief from judgment under rule 1.540 and quoting Schwab & Co. v. Breezy Bay, Inc., 360 So. 2d 117, 118 (Fla. 3d DCA 1978) ("The discretion reposed in the trial judge by Fla. R. Civ. P. 1.540 is of the broadest scope and in

---

[1] We affirm without further discussion the other claims raised by Jain and Murphy's cross-appeal.

order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion.'"))

Affirmed.