# Third District Court of Appeal

## State of Florida

Opinion filed June 16, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-886
Lower Tribunal No. 17-26857
_____

**Avra Jain,**
Appellant,

vs.

**Buchanan Ingersoll & Rooney PC, a foreign profit corporation, and Richard A. Morgan, an individual,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Boies Schiller Flexner LLP, and Bruce A. Weil and Steven W. Davis; Bruce S. Rogow, P.A., and Bruce S. Rogow (Cedar Mountain, NC) and Tara A. Campion (Boca Raton), for appellant.

White & Case LLP, and Raoul G. Cantero, James N. Robinson, Zachary B. Dickens and W. Dylan Fay, for appellees.


Before FERNANDEZ, HENDON, and BOKOR, JJ.

HENDON, J.

Avra Jain ("Jain") appeals from a final summary judgment in favor of Buchanan Ingersoll et al. (collectively, "Buchanan"). We affirm.

The current legal malpractice case against Buchanan arises out of a dispute over a promissory Note and Guaranty given by Jain to Abraham Cohen ("Cohen"). Jain seeks to recover from Buchanan the approximately $11 million she was found to owe Cohen in the underlying case, Abraham Cohen v. Avra Jain, 2009-14497-CA-01, affirmed on appeal, Cohen v. Jain, 219 So. 3d 100 (Fla. 3d DCA 2017).

Facts

Jain and her partner invested $5 million to acquire a 45% ownership interest in a residential development project owned by Cohen. Through her company, H&H Investments ("H&H"), Jain purchased all of Cohen's remaining ownership interest for another $5 million. Via a Purchase and Sale Agreement, H&H made a $500,000 down payment and gave Cohen a promissory Note in Cohen's favor for the remainder. Jain personally guaranteed the payment of the Note with an absolute Guaranty Agreement ("Guaranty") for the amount of $4.5 million, which did not require Cohen to first institute suit or pursue or exhaust any rights or remedies against H&H for payment.

2

H&H defaulted on the loan. Cohen sued H&H on the Purchase and Sale Agreement, and sued Jain on the Guaranty. Jain's defense was that despite admitting that she breached the Guaranty, she was nevertheless not liable under the Guaranty because she was fraudulently induced into it and because she asserted that Cohen later agreed to destroy the Note. The Note was never presented at trial. Judge Hogan Scola granted a directed verdict on those issues because: (1) no evidence supported her claim of fraudulent inducement; and (2) the Guaranty itself prohibited oral modifications. In 2016, the trial court entered final judgment against Jain and H&H jointly and severally in the amount of $8,189.060.04.

Jain moved to vacate the final judgment on the basis that Cohen's failure to provide the original Note barred recovery. Buchanan's co-counsel from another firm argued that motion, which was denied. On appeal, this Court affirmed. Cohen v. Jain, 219 So. 3d 100 (Fla. 3d DCA 2017).

Subsequently, through Jain's co-counsel in the Cohen case, Jain filed a malpractice action against Buchanan alleging that Buchanan 1) should have objected to or moved for directed verdict on Cohen's failure to surrender or reestablish the Note, arguing that without the Note, Cohen could not enforce the Guaranty ("Lost Note theory"); 2) Buchanan made several strategic errors throughout the case ("Trial Strategy theory"). Buchanan

3

moved for partial summary judgment on the Lost Note theory. The trial court judge (Judge Butchko) heard argument on the Lost Note theory and the parties submitted proposed orders. Judge Butchko transferred to another division and Judge Hanztman replaced her. Two days after her transfer, Judge Butchko issued an order denying Buchanan's motion for partial summary judgment on Jain's Lost Note theory.[1]

Buchanan moved for reconsideration of Judge Butchko's grant of partial summary judgment. Judge Hanzman granted the motion and, after hearing arguments, granted summary judgment for Buchanan on Jain's second amended complaint. Prior to Judge Hanzman rendering written rulings, Jain filed a motion requesting leave to file a third amended complaint, which Judge Hanzman denied, and later denied Jain's motion for reconsideration.

Jain argues two issues on appeal. First, she argues that the trial court erred by vacating the predecessor judge's non-final order and granting Buchanan's motion for summary judgment. Second, she asserts that the trial

---

[1] The trial court rejected Buchanan's argument that its failure to raise the Note's absence at trial was irrelevant because Jain would have been independently liable on Guaranty. The judge concluded that Buchanan's failure to object undermined its argument that the underlying debt was discharged where Florida law holds a guarantor is not liable under a guaranty unless it can be proven that there is still a valid debt.

4

court should have granted her motion for leave to file a third amended complaint.

We review a grant of summary judgment de novo. Orozco v. McCormick 105, LLC, 276 So. 3d 932, 935 (Fla. 3d DCA 2019). We review for abuse of discretion a trial court's denial of leave to amend a pleading. Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014).

Discussion

We first address whether the trial court erred by vacating the predecessor judge's non-final order granting partial summary judgment to Jain, and instead granting summary judgment to Buchanan on Jain's Lost Note theory. We conclude it did not.

Jain argues that the successor judge should have declined to revisit the predecessor judge's non-final order denying Buchanan's motion for partial summary judgment on Jain's Lost Note theory as a matter of "comity and courtesy." However, trial courts have the inherent authority to revisit interlocutory orders at any time before final judgment. See Fratangelo v. Olsen, 271 So. 3d 1051, 1055 (Fla. 3d DCA 2018) (noting that "prior to final judgment, a successor judge has the power to vacate or modify a

5

predecessor's interlocutory rulings"); <u>Rokosz v. Haccoun</u>, 274 So. 3d 498, 500 (Fla. 3d DCA 2019).

Substantively, the successor judge recognized that Buchanan's alleged failure to object to Cohen's failure to supply the original Note did not proximately result in the judgment against Jain because Cohen had sued her on the Guaranty, which was an independent contract and not a negotiable instrument. The law in Florida provides that one who undertakes an absolute guarantee of payment by another becomes liable immediately upon default. <u>Anderson v. Trade Winds Enters. Corp.</u>, 241 So. 2d 174, 177 (Fla. 4th DCA 1970). Where the guaranty is absolute, the guarantor becomes liable upon non-payment by the principal, and the person in whose favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors. <u>Id.</u> If a written contract in unambiguous terms expresses an unconditional guarantee, then the guaranty is absolute, and the guarantor's liability cannot be limited or qualified by parol evidence as to a prior or contemporary understanding. <u>See</u> <u>Bryant v. Food Mach. And Chem. Corp. Niagara Chem. Division</u>, 130 So. 2d 132 (Fla. 3d DCA 1961). This leads to the conclusion that the Note was not required to support enforcement of the Guaranty. <u>See</u> <u>von Dunser v. Se. First Nat'l. Bank of Miami</u>, 367 So. 2d 1094, 1096 (Fla. 3d DCA 1979) (holding as a well-established principle that

under an absolute and unconditional contract of guaranty, it is no defense that the creditor has lost the security interest).

Further, the language of the written Guaranty agreement is not legally ambiguous and, as a matter of law, creates an absolute guaranty of payment, as provided in relevant part:

> The Guaranty Agreement is a guaranty of payment and not a guaranty of collection. It shall not be necessary for [Cohen], in order to enforce such payment by [Jain], to first institute suit or pursue or exhaust any rights or remedies against [H-H].

See Agarwal v. Pinnacle Realty Mgmt. Co., 718 So. 2d 947, 948 (Fla. 5th DCA 1998) (holding that the guaranty was absolute and the grantor was not required to pursue other potential defendants first before enforcing its claim against the guarantor).

The trial court correctly noted that the predecessor judge's legal analysis was incorrect and concluded that the Guaranty is not a negotiable instrument, it was enforceable even in the absence of the Note, and Jain admitted to the debt owed. Thus, Buchanan's alleged malpractice did not proximately cause Jain's injury. See also Nat. Answers, Inc. v. Carlton Fields, P.A., 20 So. 3d 884, 888 (Fla. 3d DCA 2009) (affirming the trial court's finding that the undisputed facts entitled both law firms to judgment in the litigation malpractice claims as a matter of law, as neither firm's conduct could have proximately caused the loss to the plaintiff, citing Silvestrone v.

7

<u>Edell</u>, 721 So. 2d 1173, 1175 (Fla.1998) (holding that liability for litigation malpractice requires that the attorney be the proximate cause of the client's loss)).

Additionally, the Note issue has already been litigated and determined against Jain in the consolidated appeals of <u>Jain v. Cohen</u>, 3D16-1297 and <u>Cohen v. Jain</u>, 3D16-281, in which this Court held,

> [W]e find that the trial court did not err in its evidentiary rulings excluding certain evidence and, <u>to the extent that any evidence was erroneously excluded, such error was harmless</u>. See <u>Special v. West Boca Med. Ctr.</u>, 160 So. 3d 1251 (Fla. 2014) (applying harmless error standard in a civil appeal, requiring the beneficiary of the error to establish that there is no reasonable probability that the error contributed to the verdict). We also hold that the trial court properly denied Jain and Murphy's motion for directed verdict and properly granted Cohen's motion for directed verdict on Jain and Murphy's affirmative defenses and counterclaims. See <u>Sanders v. ERP Operating Ltd. P'ship</u>, 157 So. 3d 273, 277 (Fla. 2015) (holding that an appellate court, viewing the evidence and all inferences of fact in light most favorable to non-moving party, can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the non-moving party); <u>Tylinski v. Klein Auto., Inc.</u>, 90 So. 3d 870, 873 (Fla. 3d DCA 2012) (recognizing that "a motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party.").
> Finally, <u>we cannot say that the trial court abused its discretion in denying Jain and Murphy's motion for relief from judgment under rule 1.540</u>. See <u>LPP Mortg. Ltd. v. Bank of America, N.A.</u>, 826 So. 2d 462, 463–64 (Fla. 3d DCA 2002) (applying gross abuse of discretion standard in reviewing trial court's ruling on a motion for relief from judgment under rule 1.540 and quoting <u>Schwab & Co. v. Breezy Bay, Inc.</u>, 360 So. 2d 117, 118 (Fla. 3d DCA 1978) ("The discretion reposed in the trial judge by Fla. R. Civ. P. 1.540

8

is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion."))

<u>Cohen</u>, 219 So. 3d at 100 (emphasis added). Jain and H-H have already unsuccessfully litigated the matter of Cohen's failure to present the Note via the Rule 1.540 motion referenced above.

Additionally, Jain's unsuccessful appeal of this issue in the <u>Cohen</u> litigation bars litigation of the same issue as against Buchanan, as Buchanan can be considered in privity with Jain when it represented her in the Cohen case. The well-established rule in Florida that collateral estoppel may be asserted only when the identical issue has been litigated between the same parties <u>or their privies</u>. <u>Stogniew v. McQueen</u>, 638 So. 2d 114, 115 (Fla. 2d DCA 1994), approved, 656 So. 2d 917 (Fla. 1995).  To be in privity with a party to the prior litigation, "one must have an interest in the action such that she will be bound by the final judgment as if she were a party." <u>Stogniew</u>, 656 So. 2d at 920; <u>O'Brien v. Fed. Tr. Bank, F.S.B.</u>, 727 So. 2d 296, 298 (Fla. 5th DCA 1999).

Finally, we address whether the court abused its discretion by denying Jain's motion to amend the complaint a third time after the court already had orally granted summary judgment.[2]  We conclude it did not.

A court may deny leave to amend when there is prejudice to a party, the amendment would be futile, or the privilege to amend has been abused. See Vella v. Salaues, 290 So. 3d 946, 949 (Fla. 3d DCA 2019).   A trial judge in his or her discretion may deny further amendments where the amendments materially vary from the relief initially sought, or where "a case has progressed to a point that the liberality ordinarily to be indulged has diminished.'" Vella, 290 So. 3d at 949 (quoting Alvarez v. DeAguirre, 395 So. 2d 213, 216 (Fla. 3d DCA 1981)).

Jain concedes in her brief that she only sought leave to amend because she saw the "handwriting on the wall" *after* Judge Hanzman orally granted summary judgment. Courts have generally condemned such a practice. See Inman v. Club on Sailboat Key, Inc., 342 So. 2d 1069, 1070 (Fla. 3d DCA 1977) (affirming an order denying leave to amend where "Appellant was attempting to raise new issues for the first time in her motion

---

[2] Jain sought to amend: (1) nearly nine months after Buchanan filed the Guaranty Motion; (2) six months after the first hearing on that motion; (3) two months after Judge Butchko ruled on that motion; (4) over a month after Buchanan moved for reconsideration; and (5) after Judge Hanzman orally ruled that he was entering summary judgment.

for rehearing and for leave to amend; and summary judgment already having been entered."). Jain's proposed amendment would advance new issues that contradict her prior unsuccessful theories. Thus, "in addition to the desirability of allowing amendments to pleadings so that cases may be concluded on their merits, there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached." Vella, 290 So. 3d at 949 (citing Price v. Morgan, 436 So. 2d 1116, 1122 (Fla. 5th DCA 1983); see also Toscano Condo. Ass'n v. DDA Eng'rs, P.A., 274 So. 3d 487, 489 (Fla. 3d DCA 2019) (affirming an order denying leave to amend where the plaintiff did not seek leave to amend "until more than two years after the filing of the complaint and more than six months after the trial court conducted its case management conference"). A party who opposes summary judgment will not be permitted to alter the position of his or her previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary judgment. Inman, 342 So. 2d at 1070 (citing Home Loan Co. Inc. of Boston v. Sloane Company of Sarasota, 240 So. 2d 526 (Fla. 2d DCA 1970)); MAWI Corp. v. Advance Mortg. Corp., 353 So. 2d 564, 565 (Fla. 3d DCA 1977).

Affirmed.

11