# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1469
Lower Tribunal No. 23-3255
_____

## James F. Chmiel, et al.,
Appellants,

vs.

## NXTLVL Services, LLC, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Black Law, P.A., and Kelsey K. Black (Fort Lauderdale), for appellants.

Cole, Scott & Kissane, P.A., and John Cody German, Justin S. Maya and Nicholas M. Nash, II, for appellees.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. <u>LPP Mortgage Ltd. v. Bank of Am., N.A.</u>, 826 So. 2d 462, 463–64 (Fla. 3d DCA 2002) ("Whether relief should be granted pursuant to Rule 1.540 is a fact specific question and the trial court's ruling should not be disturbed on appeal absent a gross abuse of discretion."); <u>Somero v. Hendry Gen. Hosp.</u>, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985) ("[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits."); <u>Miami-Dade Cnty. v. Coral Bay Section C Homeowners Ass'n, Inc.</u>, 979 So. 2d 318, 322 (Fla. 3d DCA 2008) ("Florida has a long-standing policy in favor of deciding lawsuits on their merits."); <u>Lloyd's Underwriter's At London v. Ruby, Inc.</u>, 801 So. 2d 138, 139 (Fla. 4th DCA 2001) ("In implementing this policy, 'if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits.'" (quoting <u>N. Shore Hosp., Inc. v. Barber</u>, 143 So. 2d 849, 852–53 (Fla. 1962)).